<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LATCHMIE TOOLASPRASHAD, | : | Civil No. 09-5335 (RBK) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION** |
| BUREAU OF PRISONS, et al., | : | |
| Defendants. | : | |

It appearing that:

1. Presently before this Court is Plaintiff's motion to reconsider the Order entered December 18, 2009, which (a) denied his motion reconsider the Order entered September 29, 2009, dismissing his Privacy Act claims as time barred, and (b) dismissed his First Amendment retaliation claims as barred by res judicata.

2. On February 19, 2009, the Clerk of the United States District Court for the District of Columbia received from Plaintiff, a prisoner incarcerated at FCI Fort Dix in New Jersey, a Complaint (docket entry #1) and application to proceed <u>in forma pauperis</u>. In the Complaint, Plaintiff contended that defendants violated the Privacy Act, 5 U.S.C. § 552a(g)(5), by maintaining a false and inaccurate Special Investigative Services ("SIS") Report dated April 14, 2003, regarding incidents that occurred at FCI Fort Dix between April 2 and 26, 2002. In addition, Plaintiff maintained that defendants removed him from his food services job on May 2, 2008, upon the direction of then-warden Grondolsky, in retaliation for Plaintiff's filing numerous grievances regarding the events in April 2002, the false SIS Report, and other matters relating to

alleged corruption at FCI Fort Dix, as well as Plaintiff's sending letters of complaint to the United States Department of Justice, Senator Charles Schumer and other public officials. Plaintiff sought injunctive relief and damages.

    3. By Order and Opinion filed September 29, 2009 (docket entry nos. 44, 45), Judge Huvelle dismissed the Privacy Act Claim as time barred and transferred the First Amendment retaliation claim to this Court. Judge Huvelle reasoned that Plaintiff knew of the alleged Privacy Act violation at least by March 16, 2006, when prison officials rejected as untimely his administrative remedy request regarding inaccuracies in the SIS Report; because Plaintiff did not file the Complaint until February 4, 2009, which is more than two years later, Judge Huvelle reasoned that the claim was time barred and Plaintiff was not entitled to tolling.

    4. On November 2, 2009, the Clerk filed Plaintiff's motion to vacate the Order dismissing the Privacy Act claims. This Court construed the motion as a motion for reconsideration, pursuant to Local Rule 7.1(i).

    5. By Order and accompanying Memorandum Opinion, this Court observed that Plaintiff's moving papers acknowledged that he had presented the same equitable tolling arguments to Judge Huvelle in the series of opposition memoranda Plaintiff filed in the District Court for the District of Columbia. Because mere disagreement with the district court's decision is an inappropriate basis for granting a motion for reconsideration, see Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998) (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994)), this Court denied the motion to reconsider dismissal of the Privacy Act claim.

6. Presently before this Court is Plaintiff's motion (docket entry #61) to reconsider the Order denying his motion to reconsider the Order dismissing the Privacy Act claims. Plaintiff repeats his contention that the Privacy Act claims are not barred by the statute of limitations because "plaintiff clearly noted and provided documents that the matter is still on-going and has been awaiting responses from public officials, and Defendants clearly notified United States Senator Charles Schumer that the investigation was reopened and will commence." (Docket entry #6 at p. 1.)

7. Relief under Local Civil Rule 7.1(i) may be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; and (d) an intervening change in prevailing law. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F. 3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

8. Because the arguments which Plaintiff raises in the motion for reconsideration are the same arguments he made in the hundreds of pages Plaintiff filed in opposition to the government's motion to dismiss and repeated in his first motion for reconsideration, this Court will deny the motion.

9. Plaintiff also moves to reconsider the Order dismissing his First Amendment retaliation claims. In the Memorandum Opinion accompanying the Order, this Court held that Plaintiff's First Amendment retaliation claim regarding the job reassignment on May 2, 2008, was barred by res judicata because Plaintiff litigated this claim in Toolasprashad v. Williams, Civil No. 07-5860 (RBK) opinion at pp. 8-12 (D.N.J. filed Apr. 28, 2009). In addition, this Court

ruled that, to the extent Plaintiff sought to assert a retaliation claim based on the job reassignment on April 26, 2002, this claim was also barred by res judicata since such claim was rejected by this Court and the United States Court of Appeals for the Third Circuit in <u>Toolasprashad v. Wright</u>, 2007 WL 2384231 (3d Cir. 2007).

10. In the present motion for reconsideration, Plaintiff argues that the Court ignored the documents, arguments and exhibits in the record which show the intent to retaliate. However, Plaintiff's argument that the documents in the record establish defendants' intent to retaliate is irrelevant, since this Court held that the retaliation claims were barred by res judicata. This Court will accordingly deny Plaintiff's motion to reconsider the dismissal of the retaliation claims.

11. An appropriate Order accompanies this Memorandum Opinion.

                                      s/Robert B. Kugler
                                      **ROBERT B. KUGLER, U.S.D.J.**

Dated:   March 1  , 2010